UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:  Eric Saulsbury,<br>　　　　　Debtor. | Case No. 12-30345<br>Chapter 7 |
| Jamie Davis,<br>　　　　　Plaintiff,<br>　v.<br>Eric Saulsbury,<br>　　　　　Defendant. | Adv. Proc. No. 12-50012 |

*Appearances*:

J. Eric Charlton, Esq.
Hiscock & Barclay
One Park Place
300 South State Street
Syracuse, New York 13202

Mary E. Leonard, Esq.
One North Main St.
Cortland, NY 13045

*Appearing for*:

Jamie Davis, Plaintiff

Eric Saulsbury, Defendant

**Memorandum-Decision and Order Granting Plaintiff's Motion for Summary Judgment**

Before the court is an unopposed motion for summary judgment filed in this adversary proceeding by plaintiff Jamie Davis ("Plaintiff"). Plaintiff seeks a determination that a $175,000 debt is nondischargeable under 11 U.S.C. § 523(a)(15) because it was incurred by Eric Saulsbury ("Debtor") in the course of the parties' divorce or in connection with their divorce decree. For the reasons discussed below, the court grants Plaintiff's motion.

*Background*

In addition to the motion and supporting memorandum of law, the record before the court includes: i) the complaint, which incorporates an attached Judgment and Decree of Divorce dated November 4, 2011 ("Divorce Decree") and Prenuptial Agreement dated December 31, 2007 ("Prenuptial Agreement" or "Agreement"); ii) Debtor's answer; and iii) Joint Stipulation of

Undisputed Facts executed by the parties ("Jt. Stip."). The court has the authority to enter a final order in this adversary proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(I).

*Undisputed Facts*

The parties entered into the Prenuptial Agreement prior to and effective upon their marriage. *Jt. Stip.* Exh. 1. At the time, Plaintiff owned 100% of Saulsbury Davis Companies, LLC ("Company"), which was financed by a line of credit obtained by Plaintiff. *Id.* It is the debt owing on this line of credit that is the subject of Plaintiff's claim. Pursuant to Schedule "B" of the Agreement, as interpreted and incorporated into the Divorce Decree:

> In the event of any action, the ownership, assets and debts of the company known as SDC-Saulsbury Davis Companies, LLC, shall become the sole responsibility of Eric S. Saulsbury, including the full line of credit established and extended to SDC by Jamie L. Davis.

As the result of an "action" filed in New York Supreme Court, Onondaga County, the parties' marriage was dissolved in November 2011. *Jt. Stip.* Exh. 1. The Agreement was incorporated and not merged into the Divorce Decree. *Id.* The Divorce Decree additionally recites that the Agreement was fair and reasonable and directs the parties to comply with its terms and conditions.

On Schedule F – Creditors Holding Unsecured Nonpriority Claims, Debtor describes the $175,000 debt owed Plaintiff as follows: "former wife incurred debt to Key Bank for business operating expenses. Prenuptial agreement calls for debtor to be responsible for that debt. Incorporated into Divorce November 2011." ("Debt"). *Jt. Stip.* Exh. 2.

*Summary Judgment*

Federal Rule of Civil Procedure 56 provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also*

2

*Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown.*, 654 F.3d at 358 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). On summary judgment, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). Debtor failed to respond to the motion for summary judgment.

*Discussion*

Pursuant to the provision of 11 U.S.C. § 523(a)(15), a debtor may not discharge any debt owed "to a ... former spouse ... and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ... ." 11 U.S.C. § 523(a)(15).

It is undisputed that Debtor is the Plaintiff's former spouse and, therefore, the first element of Plaintiff's § 523(a)(15) claim is satisfied. The second element of the claim, whether the Debt is "not of the kind described in [§ 523(a)(5)]" *i.e.*, not a domestic support obligation, is immaterial in this chapter 7 case. Unlike in a chapter 13 proceeding, in which § 523(a)(15) debts may be discharged, the discharge issued in a chapter 7 proceeding excepts from discharge both § 523(a)(5) domestic support and § 523(a)(15) payment obligations which arise from a divorce or separation.[1] *Milligan v. Evert (In re Evert)*, 342 F.3d 358, 371 n.5 (5th Cir. 2003); *see also Yelverton v. Senyi De Nagy-Unyom (In re Yelverton)*, No. 09-00414, Adv. Proc. 12-10011, 2012

---

[1] Compare the discharge issued under 11 U.S.C. § 1328(a) with that of 11 U.S.C. § 727 and the applicability of the exceptions listed in 11 U.S.C. § 523(a).

3

Bankr. LEXIS 4394 (Bankr. D.D.C. Sept. 24, 2012). Because both categories of obligations are nondischargeable in this chapter 7 case, it is thus unnecessary to distinguish between the two.

The remaining element of Plaintiff's claim is that the Debt was either incurred by the Debtor (i) in the course of the parties' divorce or separation or (ii) in connection with a separation agreement or divorce decree. Plaintiff acknowledges that § 523(a)(15) does not expressly include the term "prenuptial agreement," and uses instead the terms "separation agreement, divorce decree or other order of a court of record." See § 523(a)(15). Plaintiff argues, however, that this is a distinction without a difference and, if applied, would emasculate the protections afforded former spouses as intended by Congress since prenuptial agreements have become a standard tool for distributing marital property.

The quoted language in the Agreement ascribing responsibility for the Debt upon Eric Saulsbury in the event of an "action" was triggered upon the commencement of the parties' divorce action. Incorporation of the Agreement into the Divorce Decree was a recognition of that fact by the New York Supreme Court. Accordingly, this court finds that the Debt was incurred by the Debtor in the course of his divorce and as part of the divorce decree, and is, for this reason, found to be nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Further, this court notes that the term "separation agreement" as an instrument for dividing marital property has broad application and is not confined to its traditional meaning or label. Prior to the recent advent of "no-fault" divorce in New York State, a separation agreement acted not only to distribute marital property, but additionally provided parties with a ground for divorce after the expiration of a one-year waiting period. Today, a "separation agreement" may be embodied in an agreement by another name, as, e.g., an "opting-out agreement," which does not provide a ground for divorce, but nonetheless acts to distribute marital property. Similarly, "pre-nuptial

4

agreements" often operate in the same fashion. For this reason, the court finds that the Agreement may also constitute a "separation agreement" for purposes of § 523(a)(15). *See, e.g., Yelverton*, 2012 Bankr. LEXIS 4394, at *28 – 29, n. 9; *c.f. Floody v. Kearney (In re Kearney)*, 433 B.R. 640 (Bankr. S.D. Tex. 2012) (holding debt nondischargeable under § 523(a)(15) where parties had entered into a prenuptial agreement).

*Conclusion*

Plaintiff is entitled to summary judgment as a matter of law because based upon the undisputed material facts her claim meets the statutory requirements of § 523(a)(15). The court will issue a separate judgment holding the Debt nondischargeable.

So Ordered.

Dated: November 7, 2012  
      Syracuse, New York

Margaret Cangilos-Ruiz  
United States Bankruptcy Judge